IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YANGA J. WILLIAMS, as surviving spouse of Frederick Jerome Williams, deceased, et al., : : : : | |
| Plaintiffs, : : | CIVIL ACTION NO. 1:06-CV-00051-RWS |
| v. : : | |
| TASER INTERNATIONAL, INC., et al., : : : | |
| Defendants. : | |

## ORDER

This case is before the Court for consideration of Plaintiffs' Challenge to Defendants' Privilege Logs [291], Plaintiffs' Motion for Hearing [293], Taser's Request for Oral Argument [313], and Plaintiffs' Challenge to Taser's "Claw Back" Privilege Claims and First Motion for Sanctions [322]. After reviewing the entire record, the Court enters the following Order.

As an initial matter, the Court finds that oral argument is not required for consideration of Plaintiffs' challenge to Defendants' privilege log. Therefore, Plaintiffs' Motion for Hearing [293] and Taser's Request for Oral Argument [313] are **DENIED**.

**Plaintiffs' Challenge to Defendants' Privilege Logs**

On October 27, 2006, Plaintiffs filed their second Motion to Compel Discovery [172]. In their motion, Plaintiffs complained that Taser failed to provide a privilege log for documents which Taser was withholding based upon attorney-client privilege or the work product doctrine. In response to Plaintiffs' motion, Taser asserted that Plaintiffs failed to adequately confer before bringing these issues before the Court. On April 18, 2007, the Court entered an Order [211] directing the parties to meet and confer concerning any outstanding discovery issues and provide a report to the Court stating the issues that remained for consideration by the Court.

The parties met and conferred on May 8, 2007. On the morning of that meeting, Taser provided its first privilege log to Plaintiffs. Following the meeting, counsel submitted supplemental briefs regarding the issues that remained for consideration by the Court. Plaintiffs asserted that the privilege log provided by Taser was inadequate.

After conducting a hearing on May 21, the Court issued an Order [224] ("June 4 Order") on June 4, 2007, granting in part and denying in part Plaintiffs' Second Motion to Compel. The Court found "that the 'privilege log' Taser has produced to date is inadequate." (June 4 Order at 10). The privilege

2

(Rev.8/82)

log "left Plaintiffs completely unable to determine which documents have been withheld, the basis upon which they have been withheld, and whether Taser's claim of privilege or protection is legitimate." (Id. at 11-12). The Court ordered Taser to "provide Plaintiffs with a privilege log that complies with the requirements of Rule 26(b)(5)(A). The failure to comply with those requirements will result in the waiver of any claim of privilege or other protection." (Id. at 12).

Following the May 21 hearing, the Court afforded the parties an opportunity to submit proposed protocols for searches of Taser's emails. However, the Court found the proposals of both parties to be deficient. (Id. at 14). In the June 4 Order, the Court established a protocol for production of the documents. Taser was required to conduct a search of its email database using terms set out in the Order. (Id. at 15-16). That search would identify documents that were presumptively responsive to Plaintiffs' discovery requests. The Order authorized Taser to design a protocol to search the presumptively responsive documents for documents that were presumptively privileged. (Id. at 16-17). Taser was required to produce all presumptively responsive documents, less any presumptively privileged documents, to Plaintiffs not later than thirty (30) days from the entry of the Order. (Id. at 17). During that 30

3

days, Taser was permitted to review the presumptively responsive documents that had not been identified as presumptively privileged documents to determine if the attorney-client privilege or work product protection applied to any of those documents. (Id.). For any documents Taser chose to withhold, Taser was obligated "to provide a privilege log which complies fully with the requirements of Rule 26(b)(5)(A)." (Id.). Taser was given 45 days to review the presumptively privileged documents and was required to "produce, on a rolling basis any documents within this category to which the attorney-client privilege or work product protection does not apply." (Id.). For any documents not produced, Taser was required to "provide a privilege log which complies fully with the requirements of Rule 26(b)(5)(A)." (Id.).

On October 17, 2007, Plaintiffs filed a Challenge to Defendants' Privilege Logs [291]. Plaintiffs asserted that the privilege logs provided by Taser were inadequate. Plaintiffs provided copies of the logs as an exhibit to their motion. Taser filed a response [296] to the motion asserting that, given the time constraints under the June 4 Order, the privilege logs were adequate. Having further reviewed their logs as a result of Plaintiffs' challenge, Taser withdrew its privilege assertions for a number of documents. Also, Taser provided additional information concerning a number of documents for which it

4

AO 72A
(Rev.8/82)

continued to assert privilege. Taser also complained that Plaintiffs did not communicate their objections about the privilege logs to Taser before filing their challenge with the Court.

The Court finds that the privilege logs that Taser provided to Plaintiffs pursuant to the June 4 Order are inadequate. The Court finds that the time constraints of the June 4 Order do not excuse the inadequacy of the privilege logs submitted by Taser. If Taser did not have adequate time for review of documents under the June 4 Order, Taser could have requested additional time from the Court. However, no such request was made.

While the Court encourages parties to confer in an effort to resolve discovery disputes before submitting them to the Court, the Court finds that Plaintiffs are not precluded from relief due to their failure to confer with Taser before filing the present challenge. Plaintiffs initially raised the issue of the privilege logs in their Second Motion to Compel [172] filed October 27, 2006. Taser never presented privilege logs to Plaintiffs until the May 8 meeting that was conducted pursuant to the Court's Order. In the June 4 Order, the Court found those privilege logs to be inadequate and gave specific instructions to Taser concerning the requirements of its privilege logs. Having already been through the meet-and-confer process once, Plaintiffs were not required to go

5

through the delay of a second effort to obtain compliance before seeking the Court's assistance. The Court finds that Plaintiffs are not precluded from seeking relief for failing to raise the very same issues with Taser once again.

A determination of whether a failure to timely produce a privilege log results in the waiver of the privilege should take into account the following factors:

> The degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc., 230 F.R.D. 688, 695 (M.D. Fla. 2005) (quoting Burlington N. and Sante Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont., 408 F.3d 1142 (9th Cir. 2005)).

The assertions of privilege in Taser's privilege logs are wholly inadequate to allow Plaintiffs or the Court to evaluate the validity of the assertions. Many of the entries in the logs fail to identify who sent or received

6

AO 72A
(Rev.8/82)

the document. The logs disclose little or no information about the actual contents of the documents. Taser uses boilerplate objections which the Court, in the June 4 Order, determined were insufficient. In that Order, the Court directed Taser to provide more information in its privilege logs.

A chronological review of events reflects the inordinate delay that Taser has caused by its failure to properly document its assertions of privilege. Taser was initially served with the requested discovery on February 28, 2006. Taser's first privilege logs were served May 8, 2007. After the Court found those privilege logs inadequate, Taser served the logs that are presently in issue on July 19, 2007. After Plaintiffs filed the present challenge on October 17, 2007, Taser withdrew a number of privilege assertions and offered additional information regarding others. Not until this last filing did Taser approach compliance with its obligations under the Federal Rules of Civil Procedure and the Order of this Court.

In Taser's defense, the Court recognizes that many documents had to be reviewed by Taser. However, the Court finds that the time that Taser took to document its asserted privileges is not justified. Not only has substantial time passed since these documents were first sought by Plaintiffs, but Taser has been involved in other litigation raising issues similar to those in the present case.

7

The Court would be surprised if Taser has not had to previously review at least some of the documents presently in issue for those other cases. Those reviews should have facilitated the production in this case.

"Waiver of privilege is the most extreme sanction that a court can impose for failure to follow required procedure and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." Jones v. Am. Gen. Life and Accident Ins. Co., No. CV 101-003, 2002WL 32073037, at *6 (S.D. Ga. Dec. 4, 2002). The Court concludes that this is such a case. A review of the history of discovery in this case convinces the Court that Taser's unjustified delay in providing a meaningful privilege log is inexcusable and rises to the level of bad faith to warrant imposition of sanctions. Therefore, the Court **ORDERS** that Taser's assertions of attorney-client privilege and the work product doctrine be deemed waived. Accordingly, Taser is hereby **ORDERED** to provide Plaintiffs with all documents identified in its privilege logs.

**Plaintiffs' Challenge to Taser's "Claw Back" Privilege Claims and First Motion for Sanctions**

On December 6, 2007, Taser asserted that certain documents produced to Plaintiffs on November 13 were inadvertently produced. Taser sought to utilize

8

the "claw back" provision of the June 4 Order to require that Plaintiffs destroy the documents.

On December 20, 2007, Plaintiffs filed a Challenge to Taser's "Claw Back" Privilege Claims [322]. Taser filed a response [327] to the Challenge in which it withdrew its "claw back" assertions. Therefore, Plaintiffs' Challenge is **DENIED AS MOOT**.

Plaintiffs also moved for sanctions against Taser. In light of the Court's ruling in the previous section of this Order, the Court finds that additional sanctions against Taser are not appropriate. Therefore, Plaintiffs' Motion for Sanctions is **DENIED**.

**SO ORDERED**, this   22nd   day of January, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)